## 9085

### AVENT v. SOUTHERN EXPRESS CO.

#### (85 S. E. 163.)

·CONTRACTS.   MASTER AND SERVANT.   COMPENSATION OF SERVANT.

Testimony tending to show that plaintiff was employed by an express
company as a route agent, and the reasonable value of such services,
the contract being silent as to the compensation to be paid, is suffi-
cient to sustain a recovery for such value under the implied contract.

Before HON. C. J. RAMAGE,˙ special Júdge, Florence,
April, 1914.   Affirmed.

Action by J. J. Avent against Southern Express Com-
pany.   From judgment for plaintiff, defendant appeals.
The facts are stated in the opinion.

*Messrs. Willcox & Willcox* and *S. M. Wetmore,* for the
appellant, submit: *One suing on contract cannot recover on
a quantum meruit:* 48 S. C. 298; 94 S. C. 292; 37 Ohio St.
402.

*Messrs. Gasque & Page,* for respondents, submit: *The
consideration to be paid was fixed by implied contract:* 70
S. C. 377; 34 S. C. 255.   *The case was properly submitted
to the jury:* 79 S. E. 710; 95 S. C. 302; 95 S. C. 120; 96
S. C. 153; 95 S. C. 135; 82 S. E. 422; 82 S. E. 275.   *The
refusal of new trial was in discretion of the Court:* 94 S. C.
224; 81 S. E. 478.

May 3, 1915.˙
The opinion of the Court was delivered by MR. JUSTICE
GAGE.

Action on a contract of personal service for the recovery
of $779.80 wages; verdict for $260.00; defendant appeals.

History: The plaintiff, prior to 1st May, 1912, had been
what is called in common parlance "agent" for the Southern

Express Company at Florence, at a wage of $100.00 per month.

On 1st May, 1912, he undertook and did perform the duties of "route agent" for the same company, which service had aforetime earned a wage of $150.00 per month, and he performed such duties for practically five months.

All are agreed that for the five months (and some days, too) after 1st of May the plaintiff did act as route agent; and there is no denial that the wage therefor had been $150.00 per month.

All are agreed that for five months' labor the plaintiff was paid $100.00 per month; it was not agreed whether the labor so paid for was that done as agent, or for that done as route agent, or for that done as both.

The complaint alleges in effect:. (1) That plaintiff did the labor of agent and route agent both; (2) that the service of route agent was "placed upon him" by defendant, in addition to his service as agent; (3) that he was paid $100.00 per month for his work as agent, but was denied payment for his work as route agent.

The answer, in effect, denies allegations one, two and three; and alleges (1) that plaintiff took up temporarily the duties of route agent, and (2) plaintiff and defendant agreed that for such service he was to be paid $100.00 per month and his expenses, and (3) that such payment has been made.

The charge of the Court to the jury was exceptionally lucid and commendably brief.    No exception has been made to it, or to the admission, or the refusal to admit testimony. There are two exceptions and they both charge error in the refusal of the Court to direct a verdict and in the refusal of the Court to grand a new trial.

The appellant contends exactly (1) that the plaintiff sued on a contract and then proved there was no contract, and (2) plaintiff offered no testimony to show what his service as route agent was worth.

We think there is no merit in either of the contentions.

The jury has, in effect, repudiated the claim of the plaintiff that he was both agent and route agent, and has, in effect, found that he was route agent only, and the compensation for that service was reasonably worth $150.00 per month. That is what the verdict means.

It is true the plaintiff did say he had no contract. His counsel asked him "What was your contract?" He answered, "I had none." But that is not conclusive; his case must not depend on one question and one answer thereto. The plaintiff did prove he was put to service as route agent; that was admitted by the defendant's pleading. The plaintiff thereby proved and the defendant thereby admitted an implied contract betwixt the parties. The law made the contract for the parties; it wrote into the transaction an agreement by the plaintiff to serve as route agent and an agreement by the defendant to pay therefor a reasonable price, in the absence of an express contract fixing the price. That is elementary law. The jury found, in effect, that there was no express contract about the compensation.

The plaintiff then proved what was a reasonable price therefor, to wit, that usually paid by the company to a route agent on that run, which was $150.00.

That compensation the jury found and the verdict is true.

The judgment of the Circuit Court is, therefore, affirmed.